**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSI, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, and NEW YORK CITY DEPARTMENT OF BUILDINGS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, OSI, LLC ("Plaintiff" or "OSI"), on behalf of itself and all others similarly situated, brings this complaint against the defendants, City of New York and the New York City Department of Buildings (collectively, the "City"), for violation of 42 U.S.C. §§ 1983 and 1988.

## I.   INTRODUCTION

1. Plaintiff, on behalf of itself and all others similarly situated, brings this complaint pursuant to 42 U.S.C. §§ 1983 and 1988 for the deprivation of civil rights secured by the Fourteenth Amendment to the United States Constitution (the "Fourteenth Amendment"), and to secure redress pursuant thereto. In particular, this complaint seeks relief arising out of the unlawful issuance of violations and civil penalties without due process and seeks to force the City of New York (the "City") to abide by fundamental constitutional requirements in its administrative procedures.

2. The City aggressively and punitively enforces its building and construction laws in a way that deprives property owners of the process due them under the U.S. Constitution. Relevant here are specific Failure to Certify Violations (defined below) issued for allegedly failing to certify correction of violations in the 390 Batch (defined below).

3. Upon information and belief, between 2019 and 2021, a batch of violations – where all violation numbers begin with 390 (the "390 Batch") – were issued without a Commissioner's

order to correct and certify correction. Notwithstanding, if the respondent did not certify correction within thirty days, the City imposed new violations with civil penalties for failing to certify correction within thirty days ("Failure to Certify Violations" and also known as "AEU HAZ" civil penalties). While standard notices of violation contain a Commissioner's order to certify correction, the 390 Batch was defective because it was missing this requisite notice and, as such, all Failure to Certify Violations issued pursuant to the 390 Batch are without basis and in violation of due process.

4.      OSI was issued two violations within the 390 Batch, and was then issued two Failure to Certify Violations, as derivative violations. OSI was not afforded an opportunity for review with respect to these derivative violations. As a result, OSI was forced to pay $3,000 per violation without due process, for a total of $6,000. Upon information and belief, thousands of other persons or entities were issued unlawful Failure to Certify Violations derivative of the 390 Batch, without due process and were forced to pay between $1,500 to $5,000 per violation.

5.      The City was aware of the defect in the 390 Batch at least as of November 2021 but continues to prosecute violations and collect payments pursuant thereto.

6.      As further set forth below, the Failure to Certify Violations issued to OSI derivative of the 390 Batch (and, upon information and belief, thousands of similar Failure to Certify Violations derivative of the 390 Batch that were issued to others) were issued without due process, in particular without notice and without any opportunity to be heard, and are unlawful.

## II.     JURISDICTION AND VENUE

7.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1988 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

8.      Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged in the Complaint have occurred in this district and

because the real property that is the subject of this action is located in this district.

## III. PARTIES

10. Plaintiff OSI LLC is a limited liability company formed under the laws of the State of New York, with an address of 428 West 47th Street, of the Borough of New York, New York, 10036.

11. At all times hereinafter mentioned, Defendant City of New York is a municipal corporation organized under the constitution and laws of the State of New York.

12. At all times hereinafter mentioned, Defendant New York City Department of Buildings ("DOB") is the governmental agency charged with enforcement of the Building Code of the City of New York.

## IV. FACTUAL ALLEGATIONS

**The Administrative Background**

13. DOB implements the City's construction code (the "Construction Code"), which includes the City's building code.

14. In this capacity, among other things, DOB (i) reviews and issues permits and licenses, (ii) inspects buildings, and (iii) enforces compliance with the Construction Code. See generally N.Y.C. Admin. Code Title 28, ch. 1-10 (Construction Code); NYC Admin. Code Title 28, ch. 7 (Building Code).

15. DOB's inspection unit (the "Inspection Unit"): (i) performs inspections of buildings to ascertain compliance with the Construction Code, and (ii) issues summonses for alleged violations of the Construction Code.

16. DOB's enforcement unit, the Administrative Enforcement Unit: (i) processes summonses and violations issued by the Inspection Unit, and (ii) prosecutes these summonses and violations in front of the Environmental Control Board ("ECB"), a division at The Office Of

Administrative Trials And Hearings ("OATH") (together, "OATH").

17. There are two types of violations issued by DOB: (i) underlying violations which relate to alleged violations of the Construction Code ("Underlying Violation"), and (ii) derivative violations, either for failing to correct ("Failure to Correct Violation") or for failing to certify correction ("Failure to Certify Violations").

18. OATH is the central administrative tribunal for the City. See N.Y.C. Charter ch. 45-A, § 1048(1).

19. DOB's Construction Code enforcement role commences with the issuance of a notice of violation ("NOV"). See N.Y.C. Admin. Code § 28-204.1.

20. Among other things, an NOV contains notice of an alleged violation of the Construction Code, a summons to an administrative hearing, and a Commissioner's order to correct and certify correction (the "Commissioner's order").

21. Every NOV must contain a Commissioner's order "directing the respondent to correct the condition constituting the violation and to file a certification with the Department that the condition has been corrected." R.C.N.Y. § 102- 01(c)(1).

22. N.Y.C. Admin. Code § 28-204.2, states, in relevant part:

> Each such notice of violation shall contain an order of the commissioner directing the respondent to correct the condition constituting the violation and to file with the department electronically or in such other manner as the department may authorize by rule a certification that the condition has been corrected. <u>Unless otherwise provided by rule, such order shall require that violations classified as major or lesser be corrected within 30 days from the date of the order</u>, that violations classified as immediately hazardous be corrected forthwith. <u>Such order shall also require that certification of the correction of the violation shall be filed with the department in a manner and form and within such period of time as shall be established by the department</u>.

(emphasis added.)

23. In the event that a respondent fails to comply with the Commissioner's Order to

certify correction within thirty days, a Failure to Certify Violation and associated penalties are imposed pursuant to N.Y.C. Admin. Code § 28-219.1.

24. N.Y.C. Admin. Code § 28-219.1 states, in relevant part:

> Department penalty for failure to certify correction. In addition to any penalties otherwise authorized by law pursuant to article 202 and the rules of the department, whenever any person fails to submit a certification of correction of an immediately hazardous violation issued with respect to an immediately hazardous condition at a construction site that poses a threat of imminent danger to public safety or property, <u>as required by an order issued pursuant to section 28-204.2</u>, a penalty shall be paid to the department by the owner of the property in the amount of no more than $5,000. No permit or certificate of occupancy shall be issued and no stop work order may be rescinded at the property named in the order until such penalty is paid to the department. Failure to pay such penalty shall not prevent the issuance of a permit for work to be performed pursuant to articles 215 or 216 of this chapter.

(Emphasis added.)

25. There is no opportunity to be heard in connection with a Failure to Certify Violation.

26. Indeed, once a Failure to Certify Violation is imposed, a letter is sent to the respondent from DOB that states, in relevant part:

> Department of Buildings records indicate that you have not corrected and/or certified correction to the [underlying violation] above as required by NYC Administrative Code § 28-204.2. A penalty . . . is therefore assessed and due to the Department pursuant to NYC Administrative Code § 28-219.1. **This civil penalty is in addition to any penalties imposed as a result of a hearing at the Environmental Control Board (ECB) and any other D.O.B. civil penalties associated with the underlying violation.**
>
> **Resolving this Violation**
>
> To resolve the DOB violation, you must pay . . .

(Emphasis in original.)

27. Civil penalties for Failure to Certify Violations are set forth at 1 R.C.N.Y § 102-05 (the "DOB Fines").

28. DOB Fines for an immediately hazardous condition is $1,500 (for one-and-two-family homes) and no less than $3,000 up to $5,000 (for all other properties), payable directly to the DOB. See N.Y.C. Admin. Code § 28-219.1; 1 R.C.N.Y § 102-05.

29. DOB Fines not paid within thirty days of the date of entry are subject to interest (at the same rate as unpaid real property taxes). See N.Y.C. Admin. Code § 28-204.6.5.

30. The only way to resolve an unreviewable violation is pay the DOB.

31. There is no mechanism in the City's laws, ordinances, rules, or policies that requires the City to return any penalties paid pursuant to Failure to Certify violations, even where the predicate summons is defective and lacks as a Commissioners' Order.

32. Unlike Underlying Violations and Failure to Correct Violations, which summon the respondent to a hearing, Failure to Certify Violations are final and there is no opportunity for administrative review, either before or after their issuance.

**The 390 Batch**

33. Upon information and belief, between 2019 and 2021, all violations issued by DOB that begin with the number 390 lack a Commissioner's order to certify correction of the alleged violating condition (the "390 Batch").

34. A standard NOV contains the following notice:

> THE COMMISSIONER ORDERS THAT YOU TIMELY CORRECT THESE CONDITIONS AND FILE A CERTITIFCATE OF SUCH CORRECTION. See 1 RCNY 102.01 and the instructions on certifying correction. Uncorrected violations are subject to additional violations and penalties. For certain charges, additional DOB civil penalties may apply pursuant to 28-213.1, 28-219.1 and 28-207.2.6 of the Administrative Code. A property owner may be liable for payment of these additional civil penalties even if not cited as respondent on this summons.

(See Exhibit "A" for an exemplar of a standard NOV with the above quoted language.)

35. An NOV within the 390 Batch contains the following notice:

> NYC Charter Sections 1048 and 1049-a and the rules of the City of New York authorize the NYC office of Administrative Trials and Hearings (OATH) to hold hearings. For hearing options, see next page of this notice. Uncorrected violations are subject to additional violations and penalties. For certain charges, additional DOB civil penalties may apply pursuant to 28-213.1, 28-219.1 and 28-207.2.6 of the Administrative Code. A property owner may be liable for payment of these additional civil penalties even if not cited as respondent on this summons."

(See Exhibit "B" for a copy of an NOV in the 390 Batch with the above quoted language.)

36. The language contained in a standard NOV stands in stark contrast to the language in the 390 Batch.

37. On or about November 18, 2021, the Appeals Division at OATH granted an appeal in a matter entitled DOB v. T Short (Appeal No. 2101332) (the "T Short Appeal").

38. By way of background, the T Short Appeal concerned a Failure to Correct Violation (No. 35530269Z), for allegedly failing to correct pursuant to a Commissioner's order in an Underlying Violation (No. 39034931R). The hearing officer held the respondent in violation of the Failure to Correct Violation.

39. The Underlying Violation in the T Short Appeal was part of the 390 Batch.

40. The Appeals Board in the T Short Appeal took "official notice of the predicate summons and [found] that the affixed copy does not contain a Commissioner's order to correct and certify correction, as no directive follows the section captioned 'Commissioner's order to correct violating condition(s) and certify correction.'" The Appeals Board reversed the hearing officer and held that the respondent could not be liable for a Failure to Correct Violation where the Underlying Violation did not contain a Commissioner's Order.

41. On or about October 27, 2022, the Appeals Division at OATH granted an appeal in a matter entitled DOB v. Brian A. Loy (Appeal No. 2200983) (the "Loy Appeal").

42. The Loy Appeal also concerned a Failure to Comply Violation (No. 35561833M),

for allegedly failing to correct pursuant to a Commissioner's order in an Underlying Violation (No. 39040803N). The hearing officer held the respondent in violation of the Failure to Correct Violation.

43. The Underlying Violation in the Loy Appeal was part of the 390 Batch.

44. The Appeals Board in the Loy Appeal, with direct reference to the T Short Appeal, stated as follows: "The Board takes official notice of the predicate summons referred to in the instant summons and finds that it does not contain a Commissioner's order to correct and certify correction, as no directive follows the section captioned "Commissioner's order to correct violating condition(s) and certify correction." See DOB v. T Short, Appeal No. 2101332 (November 18, 2021). <u>Based on this omission, the Board finds that the instant summons does not make a prima facie case, as it does not refer to an order with which Respondent could comply</u>".

45. Upon information and belief, about 62,525 NOVs were issued that were part of the 390 Batch.

46. Upon information and belief, about 15,500 Failure to Certify Violations were issued derivative of the 390 Batch.

47. Despite constructive and/or actual knowledge that the 390 Batch was defective and that such defect rendered derivative violations unenforceable, at least as of the date of the decision in the T Short Appeal (November 18, 2021), upon information and belief, the City continued to issue, prosecute, and uphold violations derivative to the 390 Batch, and continued to enforce and collect on thousands of DOB Fines pursuant thereto.

48. Upon information and belief, the City has not taken any measures to remediate the damage caused by the herein described unlawful derivative violations, and did not take any measures to avoid further harm.

49. Upon information and belief, the City is still conducting hearings on NOVs issued within the 390 Batch and is continuing to hold respondents in violation despite knowledge that those

NOVs are defective.

50. Upon information and belief, the City is still imposing DOB Fines pursuant to violations derivative of the 390 Batch.

51. Upon information and belief, the City is still accepting payment on DOB Fines pursuant to violations derivative of the 390 Batch.

52. Upon information and belief, unpaid DOB Fines pursuant to violations derivative of the 390 Batch are still outstanding and accruing interest.

53. DOB and OATH are aware of the defect in the 390 Batch and the OATH's Appeals Board has acknowledged the defect on more than one occasion.

54. Upon information and belief, the City has addressed the 390 Batch by amending NOVs to include the Commissioner's order but has not accomplished anything to undo or refund the enforcement of unconstitutional DOB Fines for the 390 Batch.

**Facts Relating to Plaintiff**

55. OSI owns the building located at 454 West 47th Street, New York, NY 10036 (the "Subject Premises").

56. On or about March 26, 2021, DOB issued to OSI two Underlying Violations with respect to the Subject Premises: violation numbers 39038374L and 39038375N (together, the "OSI 390 Violations").

57. Violation number 39038374L was issued to OSI for unlawfully continuing work while on notice of a stop work order. The violation details read as follows:

> Unlawfully continued work while on notice of a stop work order. PSWO (partial stop work order) issued 12/13/2018 for installation of EIFS (stucco) on Exp [osures] #2 & 3. It is noted in inspectors comments work is at 80% complete. At time of inspection it is 100% complete and PSWO is still in place. Work completed against PSWO.

58. Violation number 39038375N was issued to OSI for failing to maintain the building

in a code compliant manner. The violation details read as follows:

> Failure to maintain building in code compliant manner. At roof elevation noted stair bulkhead heavily out of plumb as is adjacent structure belonging to 454 West 47th Street. Wood 2x4 brace installed to prevent further deterioration of both structures.

59. On or about May 13, 2021, a hearing for the OSI 390 Violation 39038374L was held before OATH.

60. On or about August 5, 2021, a hearing for the OSI 390 Violation 39038375N was held before OATH.

61. OSI received separate decisions from OATH finding it in violation of the alleged charges in both of the OSI 390 Violations.

62. On or about June 23, 2021, DOB issued a Failure to Certify Violation to OSI, DOB violation number 062321AEUHAZ100066, and imposed a civil penalty of $3,000.00, for failing to certify correction of violation number 39038374L.

63. On or about June 23, 2021, DOB issued a Failure to Certify Violation to OSI, DOB violation number 062321AEUHAZ100067, and imposed a civil penalty of $3,000.00, for failing to certify correction of violation number 39038375N.

64. OSI was issued two DOB Fines, aggregating $6,000, for allegedly failing to certify correction of the OSI 390 Violations.

65. Neither of the OSI 390 Violations contained a Commissioner's order to correct and certify correction.

66. Both of the OSI 390 Violations are part of the 390 Batch.

67. The OSI 390 Violations did not give OSI notice that Failure to Certify Violations would issue if correction was not certified within thirty days.

68. OSI was not afforded any opportunity for review before or after the Failure to Certify Violations were imposed.

Absence of Due Process

69. The government has a legitimate interest in ensuring that construction and buildings are safe. However, this interest may only be achieved in a manner consistent with the dictates of the U.S. Constitution.

70. Under the Constitution, the government must provide defendants an opportunity to challenge erroneous determinations, have a court review the actions of the government, and give defendants an opportunity to come into compliance with the law without facing unconstitutional penalties.

71. Violations and DOB Fines issued by DOB for failing to comply with the Commissioner's order in an Underlying Violation within the 390 Batch violate due process.

72. Failure to Certify Violations are issued pursuant to NYC Administrative Code § 28-219.1.

73. NYC Administrative Code Section 28-219.1 permits the issuance of Failure to Certify Violations "whenever any person fails to submit a certification of correction . . . as required by an order issued pursuant to section 28-204.2."

74. NYC Administrative Code Section 28-204.2 concerns Commissioner's orders to correct and certify correction.

75. There is no basis to issue a Failure to Certify Violation where the Underlying Violation does not contain a Commissioner's order.

76. The City did not secure judicial review of the Failure to Certify Violations derivative of the 390 Batch before or shortly after the same were imposed.

77. In establishing procedures relating to Failure to Certify Violations and DOB Fines, the City did not provide procedural safeguards, such as notice and opportunity to be heard.

78. Because the City did not provide any procedure for review of their actions by a

neutral decisionmaker, the City did not provide OSI and the proposed class with adequate notice of those procedures.

79. By not providing constitutionally adequate notice, nor any right to be heard before a neutral decisionmaker regarding any of the aforementioned actions, the City deprived OSI and the proposed class of their property without due process of law in contravention of the Fourteenth Amendment.

80. Two Failure to Certify Violations were issued to OSI derivative of the OSI 390 Violations, which did not contain a Commissioner's order.

81. The OSI 390 Violations did not give notice to OSI that failure to certify correction will result in the imposition of Failure to Certify Violations.

82. OSI had no opportunity to be heard with respect to the Failure to Certify Violations.

83. OSI was obligated to pay $6,000 to the City pursuant to these unlawful Failure to Certify Violations.

84. OSI paid the DOB Fines.

85. Failure to pay the DOB Fines encumbers the subject property, accrues interest, and will result in the issuance of additional and repeated Failure to Comply Violations with attendant civil penalties.

86. The City interfered with and deprived OSI of its due process rights by, among other things, issuing defective, unconstitutional and unreviewable violations that OSI could not contest, appeal, or have reviewed by a court of competent jurisdiction and leaving them with only the option to pay or default; not providing any mechanism or requirement that the City refund fines paid pursuant to these unlawful DOB Fines derivative to the 390 Batch; exposing OSI to greater penalties if they did not pay the DOB Fines; and failing to provide adequate notice both Subject Violations to correct and certify corrections.

87. Upon information and belief, other defective batches of Underlying Violations exist.

88. Upon information and belief, other derivative violations have been issued pursuant to Underlying Violations that do not contain a Commissioner's order.

**Class Allegations**

89. OSI brings this claim on behalf of a class pursuant to Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

90. The class consists of (i) all persons and/or entities who were issued an NOV within the 390 Batch, (ii) were issued a Failure to Certify Violation pursuant thereto, and (iii) paid all or part of the DOB Fine(s).

91. The class is so numerous that joinder of all members is not practicable.

92. Upon information and belief, the actions and practices described in this Complaint affect thousands of New York residents throughout the five boroughs.

93. There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. There common questions include:

   a. Whether an Underlying Violation issued to the class member was part of the 390 Batch;

   b. Whether the relevant Underlying Violation contained a Commissioner's order;

   c. Whether a Failure to Certify Violation was issued pursuant to the defective 390 Batch Underlying Violation;

   d. Whether the proposed class member had an opportunity to be heard with respect to the Failure to Certify Violation; and

   e. Whether the City collected payment from the proposed class member.

94. These claims are typical of those of the proposed class. All of their claims have the

same legal and factual basis.

95. Plaintiff will fairly and adequately represent the class. There is no conflict of interest between Plaintiff and the class members. Plaintiff has retained counsel competent and experienced and who intends to prosecute this action vigorously.

96. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because the City has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

97. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to proposed class members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

98. This class action is superior to other means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical. Even if the class members could afford individual litigation, there is no reason to burden the court with multiple actions seeking to recover DOB Fines that range between $1,500 and $5,000.

99. The City's procedures have resulted in the actual unlawful deprivation of property interests by property owners in New York City.

### V. CAUSES OF ACTION

### COUNT I

**Violation of Due Process Rights under the Fourteenth Amendment to the U.S. Constitution**
**Deprivation of Property Without Due Process of Law**
**42 U.S.C. § 1983**

100. Plaintiff, on behalf of itself and the Class Members, incorporates by reference the preceding allegations of this Complaint.

101. The City, acting under color of law, caused Plaintiff to be deprived of their property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment.

102. The Due Process Clause of the Fourteenth Amendment requires that, before a person may be deprived of their or her property, the person be provided notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

103. The City had a duty under the Fourteenth Amendment to provide OSI with notice and a meaningful opportunity to be heard prior to depriving them of their property and to conduct the City's administrative processes in accordance with the dictates of Due Process.

104. The City violated its duty to ensure Due Process by failing to provide adequate notice to OSI, as well as a fair or meaningful opportunity to be heard, thereby creating an unreasonable risk of erroneous deprivation.

105. OSI and proposed class members possess a fundamental property interest protected by the Fourteenth Amendment to the U.S. Constitution in its property and money.

106. The City interfered with this interest possessed by OSI and proposed class members by, among other things, (i) issuing unreviewable violations that failed to conform to the City's own rules; (ii) issuing violations that OSI could not contest, appeal, or have reviewed by a court of competent jurisdiction and leaving them with only the option to pay or default; (iii) failing to provide notice that the unreviewable violations could issue from Underlying Violations within the 390 Batch, (iv) failing to provide notice of any mechanism for review or hearing, (v) failing to mandate the City's refund of any fines collected derivative of the 390 Batch; (vi) otherwise failing to provide process that guarded against the risk of erroneous deprivation.

107. The City had the ability to provide Due Process to OSI and proposed class members in conformity with the Fourteenth Amendment.

108. The City's governmental interests cannot justify the violation of OSI's and proposed

class members' Due Process rights.

109. The burden of providing sufficient process to OSI and proposed class members did not outweigh their interest in a fair, open, and accurate process.

110. The City's behavior was arbitrary and shocking to the conscience and does not comport with traditional ideas of fair play and decency.

111. The City had no legitimate governmental interest in depriving OSI and proposed class members of their property without Due Process.

112. The City's failure to provide sufficient process to OSI and proposed class members was conducted pursuant to a policy, practice, or custom that violated the Fourteenth Amendment.

113. The City has acted under color of state law in violating OSI's and proposed class members' rights pursuant to the Fourteenth Amendment.

114. The City has acted under color of state law in violating OSI's and proposed class members' rights pursuant to the Fourteenth Amendment, and such conduct was not reasonable.

115. As a direct and proximate result of the City's actions, OSI and proposed class members suffered was injured by, without limitation, the DOB Fines unlawfully extracted.

116. OSI and proposed class members are therefore entitled to relief under 42 U.S.C. § 1983.

117. But for the City's deprivational policy, decisions, practices, and failures above described, OSI and proposed class members would not have been issued the Failure to Comply Violations and DOB Fines derivative of the 390 Batch and would not have paid $6,000 to the City pursuant thereto.

## COUNT II

### Violation of the New York State Constitution
### Deprivation of Property Without Due Process of Law

118. Plaintiff, on behalf of itself and the Class Members, incorporates by reference the

preceding allegations of this Complaint.

119.  The City's actions, recounted above, also violate the New York State Constitution Article I, Section 6, which sets forth in pertinent part that "No person shall be deprived of life, liberty or property without due process of law."

## COUNT III

### Declaratory Relief

120.  Plaintiff, on behalf of itself and the Class Members, incorporates by reference the preceding allegations of this Complaint.

121.  An actual controversy has arisen and now exists between OSI and the proposed class, on the one hand, and the City, on the other hand, warranting relief pursuant to 28 U.S.C. § 2201.

122.  Plaintiffs seek a declaration that the City's conduct and policies with respect to imposing Failure to Certify Violations derivative to the 390 Batch is unconstitutional and that those violations and related DOB Fines are null and void.

123.  The City presumably will assert that their conduct is constitutional.

124.  OSI seeks a declaration that the City is liable to OSI pursuant to 42 U.S.C. §§ 1983 and 1988 for all damages and attorneys' fees suffered and incurred by OSI.

125.  OSI seeks a declaration that, to the extent that the City seeks to rely on any provisions of local law to justify the above-described conduct that those local laws are unconstitutional.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. Granting judgment in favor of OSI against the City on all causes of action asserted herein;

b. Granting an order certifying the Class under Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), appointing OSI as Class Representative, and its attorneys as Class Counsel;

c. Declaring that the City's systemic policies, practices, and customs, discussed herein, on their

face and as applied to OSI, violated the Due Process Clause of the Fourteenth Amendment;

d. Declaring that the Failure to Certify Violations derivative to the 390 Batch are unconstitutional and that those violations and related DOB Fines are null and void;

e. Declaring that the City is liable to OSI pursuant to 42 U.S.C. §§ 1983 and 1988 for all damages and attorneys' fees suffered and incurred by OSI;

f. Awarding OSI and the class compensatory, nominal and punitive damages against the City;

g. Awarding OSI the cost of prosecuting this action together with attorneys' fees pursuant to 42 U.S.C. § 1988;

h. Granting injunctive relief requiring the City to void all unpaid DOB Fines deemed herein to be unlawful and to take such other and further steps necessary to avoid processing and/or acceptance of such payments;

i. Granting injunctive relief enjoining the application and enforcement of the practices described in this Complaint as a violation of due process;

j. Pre- and post-judgement interest; and

k. For such other and further relief as this Court may deem just and proper.

DATED: December 27, 2022
       Brooklyn, NY

                                              Respectfully Submitted,

                                              **GABRIEL A. LEVY, P.C.**
                                              Attorney for Plaintiff
                                              1129 Northern Blvd. Ste 404
                                              Manhasset, NY 11030
                                              (347) 941-4715

                                              **By:** /s/ Gabriel A. Levy, Esq.
                                              **GABRIEL A. LEVY, ESQ (5488655)**
                                              Glevy@glpcfirm.com

                                              **GOLDSCHEIN LAW PRACTICE**

Attorney for Plaintiff:
3024 Ave I
Brooklyn, NY 11210
(718) 928-4107


**By:** /s/ Eytan M. Goldschein, Esq.
**EYTAN M. GOLDSCHEIN, ESQ (5852006)** *Pending Admission*
Eytan@goldscheinlp.com