USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSI LLC,<br><br>                                 *Plaintiff*,<br>    -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                                 *Defendants*. | 22-cv-10921 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff OSI, LLC ("OSI") brings this action against Defendants City of New York ("City") and New York City Department of Buildings ("DOB") (collectively "Defendants"), alleging violations of Plaintiff's procedural due process rights under the federal and state constitutions. ECF No. 1, Compl. Defendants now move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15. After careful review, Defendants' Motion, ECF No. 15, is **GRANTED**. Plaintiff is **GRANTED** leave to amend its Complaint.

## BACKGROUND

### I.    Statement of Facts[1]

The New York City Administrative Code grants to DOB the authority to "(i) review[] and issue[] permits and licenses, (ii) inspect[] buildings, and (iii) enforce[] compliance with the Construction Code." Compl. at ¶ 14. Pursuant to its power to inspect buildings, DOB "(i) performs inspections of buildings to ascertain compliance with the Construction Code, and (ii) issues summonses for alleged violations of the Construction Code." Compl. at ¶15. Upon the issuance of summonses for substantive Construction Code Violations ("Code Violations") as well as "derivative" violations for failing to correct or certify correction of underlying violations

---

[1] For the purposes of this motion, the facts are drawn from the Complaint and presumed to be true.

("Failure to Certify Violations"), DOB then "prosecutes . . . violations" before the Office of Administrative Trials and Hearings ("OATH").  Compl. at ¶ 16-17.  Where a respondent "fails to comply with the Commissioner's Order to certify correction" of a violation, as is relevant here, "associated penalties are imposed."  Compl. at ¶ 23.  N.Y.C. Admin. Code § 28-204.1 states that such prosecutions are "commenced by the service of a notice of violation."  N.Y.C. Admin. Code § 28-204.2 goes on to state that "each such notice shall . . . direct[] the respondent to correct the condition constituting the violation and to file with the department . . . a certification that the condition has been corrected."  Compl. at ¶ 22.

Plaintiff alleges that all violation summonses issued by DOB between 2019 and 2021 that begin with the number 390 (the "390 Batch") lack sufficient language to provide respondents with notice that they are to "certify correction of the alleged violating condition."  Compl. at ¶ 33.  Said another way, Plaintiffs claim that the 390 Batch Notices of Violation do not sufficiently provide respondents notice of their obligation to notify DOB that they have corrected the underlying code violation in order to avoid the imposition of civil penalties for Failure to Certify Violations.  Compl. at ¶ 17, 33.  In relevant part, Plaintiffs allege that "standard" notices state:[2]

> THE COMMISSIONER ORDERS THAT YOU TIMELY CORRECT THESE CONDITIONS AND FILE A CERTITIFCATE OF SUCH CORRECTION. See 1 RCNY 102.01 and the instructions on certifying correction. Uncorrected violations are subject to additional violations and penalties. For certain charges, additional DOB civil penalties may apply pursuant to 28-213.1, 28-219.1 and 28-207.2.6 of the Administrative Code. A property owner may be liable for payment of these additional civil penalties even if not cited as respondent on this summons.

Compl. at ¶ 34.  They go on to state that the 390 Batch provided the following notice:

> NYC Charter Sections 1048 and 1049-a and the rules of the City of New York authorize the NYC office of Administrative Trials and

---

[2] The Court takes judicial notice of these documents as they are integral to the Complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

> Hearings (OATH) to hold hearings. For hearing options, see next page of this notice. Uncorrected violations are subject to additional violations and penalties. For certain charges, additional DOB civil penalties may apply pursuant to 28-213.1, 28-219.1 and 28-207.2.6 of the Administrative Code. A property owner may be liable for payment of these additional civil penalties even if not cited as respondent on this summons."

Compl. at ¶ 35. Nevertheless, another portion of the 390 Batch summonses read, "COMMISSIONER'S ORDER TO CORRECT VIOLATING CONDITION($) AND CERTIFY CORRECTION." ECF No. 1-2. The rear of the 390 Batch summonses state, in relevant part:

> THE DEPARTMENT OF BUILDINGS (DOB) CHARGES THE VIOLATION(S) INDICATED ON THE FRONT OF THIS SUMMONS. **A RESPONSE IS REQUIRED.** Paying the penalty only will not resolve the summons.

ECF No. 17-1. It then goes on to state that, if contesting the violation, the respondent "must appear" at an OATH hearing on the date and time stated on the front of the summons to contest the claim. *Id.*

DOB does send to respondents, and did here to Plaintiff, a subsequent communication upon the imposition of the derivative Failure to Certify Violation at issue. Plaintiff points out that these communications do not, on their face, summon the respondent to a hearing and simply state that "[t]he only way to resolve an unreviewable violation is [to] pay the DOB." Compl. ¶¶ 30, 32; ECF No. 17-5.

OSI is a limited liability company which owns the building located at 454 West 47th Street, New York, NY 10036. Compl. at ¶ 55. Plaintiff alleges that on or about March 26, 2021, DOB issued two 390 Batch violations against it for violations of the City's Building Code. Compl. at ¶ 13-14, 56. One violation, numbered 39038374L ("Violation L"), was issued due to OSI's alleged unlawful continuance of work while on notice of a stop work order, and the other violation, numbered 39038375N ("Violation N"), was issued for OSI's alleged failure to

maintain the building in a code compliant manner. Compl. at ¶ 57-58. OATH hearings were subsequently held, as statutorily required, for Violations L and N on May 13, 2021 and August 5, 2021 respectively. Compl. at ¶ 59-60. On June 23, 2021, following the OATH hearing for Violation L, but prior to the OATH hearing for Violation N, DOB issued two civil penalties against OSI for "failing to certify correction" of the two violations in the aggregate amount of $6,000. Compl. at ¶ 62-63. Plaintiff did not pursue administrative or judicial appeal of these decisions.

## II.  Procedural History

Plaintiffs filed its Complaint against Defendants on December 27, 2022 raising a Section 1983 claim for violation of its Fourteenth Amendment Rights, violation of the New York State Constitution's procedural due process provision, and seeking declaratory relief to the same under 28 U.S.C. 2201. ECF No. 1. Defendants filed a motion to dismiss the complaint. ECF No. 15. The motion is fully briefed. The Court now considers Defendants' motion.

## STANDARD OF REVIEW

### I.  Federal Rules of Civil Procedure 12(b)(6)

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985). A reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

## II. Procedural Due Process Claims

Deciding whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79 (quoting *Twombly*, 550 U.S. at 570). To decide on a 1983 procedural due process claim, a court must determine "(1) whether a property interest is implicated, and, if it is, (2) what process is due before [a] plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (internal citation omitted). Where a property interest is implicated, a plaintiff must at minimum have been granted sufficient "notice and . . . opportunity [to be heard]." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). In determining whether the granted process is sufficient, a reviewing court must employ the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The *Mathews* inquiry considers the private interest at stake, the risk of erroneous deprivation the present process carries, and the government's interest in the relevant function involved and/or the potential

burden that the imposition of greater or different process may carry.³ *Mathews*, 424 U.S. at 335. While the "general rule," is that a hearing is required before a plaintiff is deprived of their property interest, the provision of post-deprivation process can also be constitutionally sufficient. *Nnebe v. Daus*, 644 F.3d 147, 159 (2d Cir. 2011); *see also Spinelli v. City of NY*, 579 F.3d 160, 170.

Here, the Parties do not dispute, and the Court agrees for the purposes of deciding this motion to dismiss, that the $6,000 civil penalty laid upon Plaintiff implicates a property interest. *See* Mot to dismiss at 9; Pl. opp at 18-19.  Therefore, the only operative question to consider here is whether the process Defendants afforded to Plaintiff was constitutionally sufficient.

## DISCUSSION

### I. Was *Any* Process Provided

Prior to consideration of this central question though, the Court must consider Plaintiff's contention that Defendants afford no process at all for the adjudication of Failure to Certify penalties.  Plaintiff, in its opposition to Defendants' motion to dismiss states that "a respondent who is already summoned before OATH requests to be heard regarding a DOB Civil Penalty [for Failure to Certify] . . . will be denied [because] DOB Civil Penalties [for Failure to Certify] do not receive independent consideration at OATH hearings, or elsewhere." Opp at 2.  Rather, the only process afforded, Plaintiff goes on to contend, is that process afforded to contentions related to the underlying Code Violation. *Id.*  They go on to state that while Failure to Certify Violation penalties are dismissed where an underlying Code violation is dismissed, there is no procedural mechanism by which a Failure to Certify Violation can be dismissed where an accompanying

---

³ Because [t]he New York Court of Appeals has held that the guarantees of the . . . due process clause[] of the New York Constitution are coextensive with those of the U.S. Constitution," this Court's consideration of federal constitutional principles applies with equal force to the state claim. *Ruradan Corp. v. City of N.Y.*, No. 22-cv-03074, 2023 U.S. Dist. LEXIS 50732, *52 (S.D.N.Y. Mar. 23, 2023).

Code Violation enforcement is upheld. Plaintiffs provide the illustrative example of a hypothetical case in which a respondent receives a Code Violation summons and must obtain a permit from DOB in order to cure the underlying Code Violation. Opp at 15. Despite the respondent's diligence, the permit is not prepared in a timely manner and a Failure to Certify Violation penalty is levied against the respondent. *Id.* In Plaintiff's view, because there would here be no grounds for dismissal of the underlying Code violation, respondent has no process by which to contest the Failure to Certify penalty. *Id.*

Plaintiff's argument is not supported by the administrative code. As Defendants point out, Administrative Code § 28-204.3 expressly states that "[i]n any proceeding before the environmental control board, if the board finds that the commissioner has failed to prove the violation charged, the order requiring [summons recipient] to correct the condition constituting the violation and to file a certificate of correction shall be deemed dismissed." There is no jurisdictional hurdle barring OATH hearing officers from considering a respondent's failure to certify violation in the first instance alongside their consideration of the upstream violation. In fact, the Parties reference two such decisions from the OATH appellate body dismissing the DOB's primary and failure to certify violations. *See* ECF No. 17-7 and 17-8. That a failure to certify violation does not supply a respondent with an independent grounds for an OATH hearing does not mean that such violations evade review entirely before the administrative body.

Even if this Court were to credit Plaintiff's claims as to OATH hearings, Article 78 also provides aggrieved parties with an opportunity to be heard. Article 78 hearings permit review of agency adjudications "as to the measure or mode of penalty or discipline imposed." CPLR § 7803(3). Plaintiffs argues that Article 78 proceedings are only adequate post-deprivation remedies for "situations involving . . . random and arbitrary acts of state employees . . . not . . . ,

as here, . . . established state procedure." Pl. Opp at 16 (citing *HVT, Inc. v. Port Authority of New York and New Jersey*, No. 15-cv-5867, at *9 (E.D.N.Y. Feb. 15, 2018). Quoting *Hellenic Am. Neighborhood Action Comm. V. City of New York* ("HANAC"), they go on to argue that the Second Circuit, interpreting Supreme Court precedent held that "[w]hen deprivation occurs in [a] more structured environment of established state procedures, rather than random acts, the availability of post[-]deprivation procedures will not, ipso facto, satisfy due process." 101 F.3d 877, 880 (2d Cir. 1996) (internal quotations omitted).

Nevertheless, as Defendants point out, the Second Circuit has since gone on to state that HANAC does not stand for the proposition that post-deprivation procedures granted pursuant to established state enforcements are automatically violative of due process. Rather, HANAC stands for the notion that where only post-deprivation process exists for established state action, a reviewing court "would merely go on to determine what process was due" under the *Mathews* balancing test. *See Rivera-Powell v. N.Y. City Bd. Of Elections*, 470 F.3d 458, 466 (2d Cir. 2006). A state procedure does not automatically violate one's due process rights simply because it incorporates a grant of Article 78 procedures in post-deprivation cases. Rather, a reviewing court would continue to assess whether and to what extent the afforded process is constitutionally sufficient under the *Mathews* balancing test. *Rivera-Powell*, 470 F.3d at 466; *see also Morgan v. Cnty. of Warren*, 2022 U.S. App. LEXIS 29497, at *4-5 (2d Cir. Oct. 24, 2022).

It is therefore, not the case on the face of Plaintiff's pleadings that respondents' Failure to Certify violations are left with *no* post-deprivation process. As such, we move along to consider the sufficiency of the notice and process provided.

## II. Sufficiency of Notice

As stated earlier, the Constitution mandates that, at minimum, those deprived of a property interest have been granted sufficient "notice and . . . opportunity [to be heard]." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sterling v. Envtl. Control Bd.*, 793 F.2d 52, 56 (2d Cir. 1986) (internal quotations omitted). While notice need not "include a roadmap to a successful defense" to be constitutionally sufficient, it must "inform the affected party of what critical issue will be determined at the hearing." *Nnebe v. Daus*, 931 F.3d 66, 88-89 (2d Cir. 2019) (internal quotations omitted).

Plaintiff argues that notice here was insufficient due to the defects present in the 390 Batch of summonses, namely the lack of a "Commissioner's Order[] to direct" and marshals several administrative appeals in support of its arguments. Opp at 7. In the complaint, Plaintiff provides an example of a standard summons which contains the following language: "THE COMMISSIONER ORDERS THAT YOU <u>TIMELY CORRECT THESE CONDITIONS AND FILE A CERTIFICATE OF SUCH CORRECTION</u>." Compl. at ¶ 35. The offending 390 Batch summons reads, in relevant part: "COMMISSIONER'S ORDER TO CORRECT VIOLATING CONDITION(S) AND CERTIFY CORRECTION." *Id.* The administrative cases Plaintiff references, without expressly relying on constitutional due process principles, hold that the summonses were ineffective because "no directive follow[ed]" the Commissioner's Order section as was the case in the standard summons. *Id.*

Defendants respond that the 390 Batch Summonses provide sufficient notice through reference to the remainder of the 390 Summons. Reply at 2 ("[T]he predicate summons apprises

Plaintiff of the violating condition ('unlawful work contrary to a stop work order'), and directs Plaintiff to correct that condition ('comply with stop work order') . . . set[s] forth a date for a hearing at . . . OATH to contest the charges, . . . state[s] that civil penalties may be assessed if the conditions are not corrected and [that] correction not certified . . . ('[u]ncorrected violations are subject to additional violations and penalties. For certain charges, additional DOB civil penalties may apply.')) (quoting ECF No. 17-1).

Looking to the totality of the contents of the 390 Batch Summons, Plaintiff's argument strains credulity. It is clear on the face of the 390 Batch Summonses, that they provide sufficient constitutional notice to respondents. They sufficiently make clear to respondents the predicate offense, the directive to correct said offense, the availability of administrative review of the summons, and the risk of greater civil penalties where an offense is not addressed or remediation is not certified to the DOB in a timely manner. Therefore, this notice sufficiently provides respondents with the critical issues to be adjudicated at OATH and is not plausibly violative of Plaintiff's procedural due process interest.

### III.     Procedural Due Process

Having determined that Plaintiff has failed to sufficiently plead lacking or insufficient notice, we next consider whether Plaintiff has sufficiently pleaded lacking process. As stated elsewhere, we must consider whether it is plausible that the process afforded to respondents in Failure to Certify actions violates *Mathews v. Eldridge*. 424 U.S. 319 (1976). To make such a determination, this Court must balance: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards;" and (3) "the Government's interest, including the ... fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." *Id.* at 335.

The first factor, the private interest to be affected, is plausibly a substantial one and favors Defendant. The $6,000 penalty levied against Plaintiff is a significant one and is not dissimilar to those property interests this Circuit has previously deemed substantial enough for procedural due process inquiry. *See, e.g., Locurto v. Safir*, 264 F.3d 154, 173 (2d Cir. 2001).

When considering the risk of erroneous deprivation, we must consider the sufficiency of the procedure provided as well as the potential value of additional process. *Matthews*, 424 U.S. at 335. On this, Plaintiff argues that the risk of erroneous deprivation is "particularly high . . . because there is no opportunity to be heard specifically with respect to [Failure to Certify] penalties." As discussed above, Failure to Certify penalties are reviewable at both OATH hearings for underlying violations and Article 78 proceedings for review of state administrative adjudications. Plaintiff makes no argument that OATH hearings or Article 78 proceedings carry a risk of erroneous deprivation, simply that OATH grants no review of Failure to Certify violations at all. Yet, Plaintiff's positive citations to OATH appellate decisions dismissing Failure to Certify summonses while making no such ruling on the underlying Code Violation summons are irreconcilable with their argument. *See* Reply at 7-9; ECF Nos. 17-8, 17-9. How can it be that no process exists, yet Plaintiff directs us to uphold the prior decisions of the administrative body? Additionally, this Court finds no reason here to unseat the general view that "the availability in New York of an Article 78 proceeding satisfies the requirements of due process." *Morgan v. Cnty of Warren*, 2022 U.S. App. LEXIS 29497, at *4-5 (collecting cases). Therefore, this factor weighs strongly in favor of Defendants.

Third, we consider the fiscal and administrative burden additional process would entail. Plaintiff raises as a potential alternative process the concurrent consideration of Failure to Certify penalties with underlying Code violations at OATH hearings and argue that the cost of implementing such a policy would be minimal because Defendants "would not need to overhaul the system or create new bodies charged with adjudicating [Failure to Certify] [p]enalties" and that such penalties

could be "simply assign[ed] . . . same Hearing Officer assigned to the predicate Summons." *Id.* Defendants argue that any alteration to the present system of administrative review would threaten the "timely remediation of" building code violations and require huge financial investment of public funds." MTD at 16.  Assuming *arguendo* that OATH provides no process for the review of Failure to Certify penalties,[4] this factor weighs slightly in favor of Plaintiffs as it is possible that the alternative procedure would not generate significant cost or burden upon Defendants.

In balancing the *Mathew* factors, this Court finds that Plaintiff has failed to sufficiently plead a cause of action against Defendants for a violation of its Fourteenth Amendment right to procedural due process.  The face of the Complaint as well as the documentary evidence appended to it clearly establish that Defendants afforded Plaintiff sufficient notice of its Failure to Certify violation as well as sufficient post-deprivation process before OATH and through Article 78 proceedings.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 15, is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice. Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id*.  The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178).  The Court will afford Plaintiff the opportunity to amend its Complaint to attempt to cure its deficiencies. The Court hereby **GRANTS** Plaintiff leave to file its First Amended Complaint. Plaintiff is **ORDERED** file the Amended Complaint on or before **April 19, 2024**.  Given this

---

[4] Upon review of the appellate OATH decisions appended to Defendant's Motion to Dismiss, it appears as though the appellate decisions do in fact reverse and dismiss a Hearing Officer's Failure to Certify violation adjudication.  This strongly suggests that OATH affords process for the adjudication of the violations at issue in this case.

Court's decision, Plaintiff's February 16, 2024 letter, which this Court construes as a pre-motion conference letter for an anticipated discovery motion, is **DENIED**.

**SO ORDERED.**

**Dated:** **March 29, 2024**
      New York, New York

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**