UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSI LLC,

              *Plaintiff,*

  -against-

CITY OF NEW YORK, et al.,

              *Defendants.*

22-cv-10921 (ALC)

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff OSI, LLC ("OSI") brings this action against Defendants City of New York ("City") and New York City Department of Buildings ("DOB") (collectively "Defendants"), alleging violations of Plaintiff's procedural due process rights under U.S. Constitution and the New York State Constitution.  ECF No. 30.  Defendants now move for dismissal of the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 32.  After careful review, Defendant's motion, ECF No. 31, is **GRANTED** with prejudice.

## BACKGROUND

**I.**       **Statement of Facts[1]**

The New York City Administrative Code grants to DOB the authority to "(i) review[] and issue[] permits and licenses, (ii) inspect[] buildings, and (iii) enforce[] compliance with the Construction Code."  FAC ¶ 18.  Pursuant to its power to inspect buildings, DOB "(i) performs inspections of buildings to ascertain compliance with the Construction Code, and (ii) issues summonses for alleged violations of the Construction Code."  *Id.* ¶ 19.  DOB processes

---

[1] For the purposes of this motion, the facts are drawn from the First Amended Complaint and presumed to be true.

1

summonses for violations of the Construction Code and then "prosecutes . . . violations" before the Office of Administrative Trials and Hearings ("OATH"). *Id.* ¶¶ 20–22.

The DOB issues two types of summonses: (1) Underlying Summonses ("predicate summons"), for alleged Construction Code violations; and (2) Failure to Comply Summonses[2], for not correcting an Underlying Summons on time. *Id.* ¶ 24. A summons includes a description of the alleged Construction Code violation and a hearing date. *Id.* ¶ 32.

Both types of summonses require a respondent to appear before OATH, with opportunities for appeal. *Id.* ¶¶ 25–29. At OATH hearings, DOB must prove the violation, while respondents can defend themselves by presenting evidence, calling witnesses, engaging in discovery, and challenging the summons under Title 48, Chapter 3 of the Rules of the City of New York ("RCNY"). *Id.* ¶¶ 33–36. Respondents have the opportunity to further appeal OATH decisions to the OATH Appeals Board. *Id.* ¶ 28. A respondent who loses their appeal before the OATH Appeals Board can then seek Article 78 review. *Id.* ¶ 29.

DOB also issues "HAZ Penalties," which Plaintiff alleges are not returnable to OATH. *Id.* ¶ 21. HAZ Penalties are imposed pursuant to New York City Administrative Code ("N.Y.C. Admin. Code") §§ § 28-219.1, which states that a property owner who fails to certify correction of an "immediately hazardous violation issued with respect to an immediately hazardous condition [] at a construction site… as required by an order under section 28-204.2" must pay a penalty of no more than $5,000 to the department. *See id.* ¶¶ 48–49.

---

[2] In describing Failure to Comply Summonses—which are central to this case—Plaintiff cites New York City Administrative Code ("N.Y.C. Admin. Code") §§ 28-204.1–204.4. *See* FAC ¶¶ 43–45. N.Y.C. Admin. Code § 28-204.1 states that such prosecutions are "commenced by the service of a notice of violation." N.Y.C. Admin. Code § 28-204.2 goes on to state that "each such notice shall . . . direct[] the respondent to correct the condition constituting the violation and to file with the department . . . a certification that the condition has been corrected."

2

In connection with Failure to Comply Summonses, DOB automatically issues HAZ Penalties when a respondent fails to file a correction by the correction deadline. *Id.* ¶¶ 30–31. Plaintiff submits that summonses and HAZ Penalties are separate and distinct. *Id.* ¶ 23. Issuance of HAZ Penalties does not involve OATH hearings or appeals. *Id.* Plaintiff asserts that the Underlying Summons and Failure to Comply Summonses are no longer at issue in this case, but now challenges the constitutionality of the automatic imposition of HAZ Penalties without opportunity of an additional hearing or appeal. *Id.* ¶¶ 55–62.

Plaintiff owns a building located at 454 West 47th Street, New York, New York ("subject property"). *Id.* ¶ 71. In March 2021, DOB issued Plaintiff two summonses in connection with the subject property. *Id.* ¶ 72; *see also* FAC Exs. B–C. One violation, numbered 39038374L ("Violation L"), was issued due to OSI's alleged unlawful continuance of work while on notice of a stop work order, and the other violation, numbered 39038375N ("Violation N"), was issued for OSI's alleged failure to maintain the building in a code compliant manner. *See* FAC ¶¶ 63, 64. The violations identified in the summonses were "Class 1" or "Immediately Hazardous" which occur "where the violating condition poses a threat that severely affects life, health, safety, property, the public interest, or a significant number of persons so as to warrant immediate corrective action." *Id.* ¶ 38; 1 RCNY § 102-01(b)(1).

OATH hearings were conducted for both summonses determining that Plaintiff had violated both charges. FAC ¶¶ 73–75. On or about June 23, 2021, following the OATH hearing for Violation L, but prior to the OATH hearing for Violation N, DOB issued two civil penalties against OSI for "failing to certify correction" of the two violations in the aggregate amount of $6,000. *Id.* ¶¶ 67–78; *see also* FAC Exs. D–E. Plaintiff did not pursue administrative or judicial appeal of these decisions. Moreover, HAZ Penalties are not eligible to be reviewed at

3

OATH or other hearings. FAC ¶ 83. Plaintiff asserts that the HAZ Penalties were rendered erroneously and should not have been issued because Plaintiff allegedly took remedial measures the following the summonses. *Id.* ¶ 80.

## II. Procedural History

Plaintiff filed its initial Complaint against Defendants on December 27, 2022 raising Section 1983 and 1988 claims for violation of its Fourteenth Amendment Rights, violation of the New York State Constitution's procedural due process provision, and seeking declaratory relief to the same under 28 U.S.C. § 2201. *See generally* ECF No. 1. In the Complaint, Plaintiff alleged that the "390 Batch" of violations lacked a Commissioner's order, and did not provide adequate notice. *See generally id.* Defendants filed a motion to dismiss the complaint. ECF No. 15. On March 29, 2024, the Court granted Defendants' motion to dismiss and granted Plaintiff leave to amend its Complaint. ECF No. 22.

Plaintiff filed the FAC on May 27, 2024. ECF No. 30. The FAC focuses its due process claims on HAZ Penalties; while the Original Complaint focused on the defective "390 Batch" summonses and Failure to Certify Violations. *See* ECF Nos. 1, 30. Defendants filed a motion to dismiss the FAC on June 13, 2024. ECF No. 32. Plaintiff filed a memorandum of law in opposition to Defendants' motion to dismiss on June 27, 2024. ECF No. 35. Defendants filed their reply on July 5, 2024, asserting that the FAC should be dismissed for failure to state a cause of action. ECF No. 36. The Court now considers Defendants' motion.

## STANDARD OF REVIEW

### I. Federal Rules of Civil Procedure 12(b)(6)

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine

whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985). A reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

## II. Procedural Due Process Claims

Deciding whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570). To decide a 1983 procedural due process claim, a court must determine "(1) whether a property interest is implicated, and, if it is, (2) what process is due before [a] plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (internal citation omitted).

Where a property interest is implicated, a plaintiff must at minimum have been granted sufficient "notice and . . . opportunity [to be heard]." *Mullane v. Central Hanover Bank & Trust*

*Co.*, 339 U.S. 306, 313 (1950).  In determining whether the granted process is sufficient, a reviewing court must employ the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  The *Mathews* inquiry considers the private interest at stake, the risk of erroneous deprivation the present process carries, and the government's interest in the relevant function involved and/or the potential burden that the imposition of greater or different process may carry.  *Mathews*, 424 U.S. at 335.  Although the "general rule" is that a hearing is required before a plaintiff is deprived of their property interest, the provision of post-deprivation process can also be constitutionally sufficient.  *Nnebe*, 644 F.3d at 159; *see also Spinelli v. City of NY*, 579 F.3d 160, 170 (2d Cir. 2009).  The question to consider here is whether the process Defendants afforded to Plaintiff was constitutionally sufficient.

## DISCUSSION

In summary, Defendants assert that the civil penalties were issued in accordance with due process because the OATH review and availability of Article 78 review provided Plaintiff with the opportunity to correct the violations and avoid penalties.  ECF No. 32 at 4.  Plaintiff alleges that it was not given a meaningful opportunity to specifically challenge DOB's penalties.  ECF No. 35 at 5.  Plaintiff also briefly alleges that the predicate summonses did not provide proper notice because they contained "material defects."  FAC ¶ 80.

### I.      Sufficiency of Notice

As a threshold matter, Plaintiff briefly mentions "material defects and lack of notice." *See Id.* ¶¶ 80, 127, 129.  But Plaintiff is no longer disputing sufficiency of notice of the predicate summonses.  *Id.* ¶ 23.  Moreover, Plaintiff provides no additional allegations or evidence to that effect, and this Court has already concluded that the summonses provided sufficient constitutional notice to Plaintiff.  *See* ECF No. 22.

## II. Process Was Provided

The Court must next consider Plaintiff's contention that Defendants afforded no process at all for the issuance of HAZ Penalties. DOB civil penalties can be reviewed through both the administrative process and Article 78 proceedings. *See* ECF No. 32 at 6. Although Plaintiff seeks to bifurcate the civil penalties from the predicate summonses, they are inherently connected, as the penalties arise from a failure to correct the violations specified in the summons. *See* N.Y.C. Admin. Code. § 28-204.4 ("Failure . . . to correct and to certify correction of a violation within the applicable time period shall be a violation of this code for which penalties may be imposed in addition to the penalties that may be or have been imposed for the violation referred to in such order."). Indeed, N.Y.C. Admin. Code § 28-204.3 explicitly provides that "[i]n any proceeding before the environmental control board, if the board finds that the commissioner has failed to prove the violation charged, the order requiring [summons recipient] to correct the condition constituting the violation and to file a certificate of correction shall be deemed dismissed."

"Generally, '[i]t is sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.'" *Kshel Realty Corp. v. City of N.Y.*, 293 Fed. App'x 13, 15 (2d Cir. 2008) (summary order) (finding that DOB's issuance of an immediate emergency declaration and subsequent demolition of plaintiffs' building did not violate due process even absent pre-deprivation process) (quoting *Hodel v. Va. Surface Min. and Reclamation Ass'n*, Inc., 452 U.S. 264, 303 (1981)). Here, Plaintiff had an opportunity to be heard before OATH and also to appeal both the Underlying and Failure to Comply Summonses before the HAZ Penalties were issued. The Court concludes that sufficient process was provided.

### III.  Procedural Due Process Under *Mathews*

The Court next considers whether Plaintiff has sufficiently pleaded a lack of procedural due process. As the Court's prior opinion lays out, it must consider whether it is plausible that the process afforded to respondents by DOB's process for issuing civil penalties violates *Mathews v. Eldridge*. 424 U.S. 319 (1976). To make such a determination, this Court must balance: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards;" and (3) "the Government's interest, including the . . . fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." *Id.* at 335.

#### 1. Private Interest Affected

The parties do not dispute that the civil penalties imposed on Plaintiff constitute a property interest for the purposes of a due process claim. ECF No. 32 at 5; *see also Nnebe*, 644 F.3d at 158. As this Court has already determined, the *Mathews* first factor, the private interest to be affected, is plausibly a substantial one and favors Plaintiff. The $6,000 penalty levied against Plaintiff is a significant one and is not unlike property interests this Circuit has previously deemed substantial enough for procedural due process inquiry. *See, e.g.*, *Locurto v. Safir*, 264 F.3d 154, 173 (2d Cir. 2001).

#### 2. Likelihood of Erroneous Deprivation

When considering the risk of erroneous deprivation, the Court must consider the sufficiency of the procedure provided as well as the potential value of additional process. *Matthews*, 424 U.S. at 335. On this point, Plaintiff argues that "denying OSI . . . a fair or meaningful opportunity to be heard" at an additional HAZ Penalty-specific OATH hearing

8

creates an "extraordinarily high" risk of erroneous deprivation. FAC ¶¶ 106–110. Plaintiff further argues that the HAZ Penalties would have been dismissed if it were granted another OATH hearing due to remedial measures taken. ECF No. 35 at 15.

Defendants contend that the allegations set forth in the FAC do not demonstrate a risk of erroneous deprivation because Plaintiff's "ongoing remedial measures" do not satisfy the summonses because they require complete correction and notification of correction. ECF No. 36 at 11; *see also* FAC ¶¶ 4, 80. Plaintiff even admits that "OATH provides meaningful review of DOB summonses, including the right to discovery and the ability to put forth a defense through evidence and testimony." ECF No. 35 at 14; *see also* FAC ¶ 36.

Plaintiff effectively asks the Court to disregard the pre-issuance process and find that civil HAZ Penalties lack administrative review since no OATH hearing is held specifically for them post-issuance. Here, Plaintiff had the opportunity to be heard by OATH after both the Underlying Summons and Failure to Comply Summons, with opportunity for appeal to the OATH Appeals Board and for Article 78 review. Therefore, the denial of an OATH hearing for the HAZ Penalty after Plaintiff's failure to completely resolve the violations did not pose a risk of erroneous deprivation. *See* FAC ¶ 28, 29. Additionally, the Court finds no reason here to unseat the general view that "the availability in New York of an Article 78 proceeding satisfies the requirements of due process." *Morgan v. Cty. of Warren*, No. 22-345, 2022 U.S. App. LEXIS 29497, at *45 (2d Cir. Oct. 24, 2022).

Further, "[w]here plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*, No. 12-CV-4873, 2012 U.S. Dist. LEXIS 176157, at *7 (S.D.N.Y. Dec. 11, 2012) (internal quotation marks and citation

omitted).  Plaintiff admits to not correcting the violations on time.  *See* FAC ¶ 4.  Plaintiff also states "the HAZ Penalties should never have been issued in light of the remedial action by OSI following issuance of the OSI Summonses."  FAC ¶ 80.  Plaintiff provides no evidence of this "remedial action" nor any facts which make the risk of erroneous deprivation plausible, given the opportunities for OATH hearings and Article 78 review.  Therefore, this factor weighs strongly in favor of Defendants.

### 3. Government Interest

Lastly, the Court considers the fiscal and administrative burden additional process would entail.  Class 1 Immediately Hazardous building violations "pose[] a threat that severely affects life, health, safety, property, the public interest, or a significant number of persons so as to warrant immediate corrective action[.]"  1 RCNY § 102-01.  Defendants argue that implementing additional OATH hearings, as Plaintiff suggests, would impose significant administrative and financial burdens, delaying the timely resolution of Class 1 violations, which is a priority.  ECF No. 32 at 14.  Assuming *arguendo* that OATH provides no process for the review of HAZ penalties, this factor weighs slightly in favor of Plaintiff as it is possible that the alternative procedure would not generate significant cost or burden upon Defendants.

In balancing the *Mathew* factors, this Court finds that Plaintiff has failed to sufficiently plead a cause of action against Defendants for a violation of its procedural due process under the U.S. Constitution and the New York State Constitution.  The face of the FAC as well as the documentary evidence appended to it clearly establish that Defendants afforded Plaintiff with ample means for review and appeal before the issuance of the civil penalties by means of OATH hearings and Article 78 review.

### IV.    Leave to Replead

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,' "among other reasons." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has amended his pleadings once before. In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.").

Further, Plaintiff has not asked to amend again or otherwise suggested that it is in possession of facts that would cure the deficiencies identified in this ruling. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result).

Here, any further amendment to try to save Plaintiff's now-dismissed claims would be futile because "[t]he problem[s] with [Plaintiff's] causes of action [are] substantive," and "better pleading will not cure [them.]" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Indeed,

the FAC is clear that Plaintiff cannot adequately allege that Plaintiff was afforded no due process in connection with the imposition of HAZ Penalties.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the First Amended Complaint is **GRANTED** with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 31 and to close this case.

**SO ORDERED.**

**Dated: March 20, 2025**
       **New York, New York**

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**